United States District Court
Southern District of Texas
**ENTERED**
December 21, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OSCAR E CANAS, | § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-01864 |
| | § | |
| NATIONAL OILWELL VARCO, | § § | |
| Defendant. | § § | |

## OPINION AND ORDER

Pending before the Court in the above referenced case, grounded in Title VII of the Civil Rights Act of 1964 and alleging retaliation and employment discrimination in the demotion of *pro se* Plaintiff Oscar Canas ("Canas") from his job as a supervisor at National Oilwell Varco ("NOV"), an oilfield valve manufacturing company, on the grounds that Canas was retaliated and discriminated against on the basis of his national origin (Salvadoran), is Defendant NOV's Motion for Summary Judgment (Doc. 40).

Also pending before the Court is Plaintiff's Motion to Compel Defendant's discovery responses (Doc. 52). Finding that Defendant has already complied with the Court's order to do so (Docs. 45 and 48), Plaintiff's Motion to Compel is denied.

Further, having considered Defendant's motion for summary judgment, the response, the facts in the record, and the applicable law, the Court concludes that the motion should be granted.

**I. Background**

Plaintiff Oscar Canas, a native of El Salvador, began working at NOV's Creekmont facility in Houston, Texas as the overnight shift Machine Shop Supervisor on or about June 9, 2014. Plaintiff brought this action against NOV on June 29, 2015, alleging that he was retaliated

against and discriminated against by NOV because of his national origin. In his Amended Complaint, Canas alleges NOV retaliated against him by demoting him and NOV discriminated against him on the basis of national origin by demoting him and failing to adequately investigate an incident involving Canas which led to his demotion. Doc. 22 at 4. He claims that NOV "engaged in a pattern and practice of harassing [him] because of his national origin." *Id.* at 4. Further, Canas claims that after he filed a complaint with upper management regarding workplace safety issues and personnel issues he felt were being ignored, he was demoted from night supervisor to machinist. Canas believes this demotion was based not only on his national origin but also in retaliation for filing his complaint with upper management. *Id.* at 3.

## II. Standard of Review

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). A dispute is genuine if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party," *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); thus, the court must not make determinations of credibility or weight and "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Sandstad v. CB Richard Ellis, Inc.,* 309 F.3d 893, 896 (5th Cir. 2002). A fact is material if it is determinative of an element essential to the outcome of the case, and such elements are defined according to the substantive law governing the claims. *Anderson,* 477 U.S. at 248.

## III. Discussion

### A. Plaintiff's Discrimination Claim

Plaintiff filed a discrimination claim based on two alleged adverse employment actions: (1) his demotion from supervisor to machinist and (2) NOV's failure to properly investigate the incident that led to this demotion. Doc. 41 at 10-11. Plaintiff alleges that these adverse employment actions were the result of national origin discrimination in violation of Title VII. Plaintiff can establish his discrimination claim through direct or circumstantial evidence. *See Heggemeier v. Caldwell County*, 826 F.3d 861, 867 (5th Cir. 2016) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007)). Because Plaintiff in this case relies on circumstantial evidence, his claim is analyzed under the *McDonnell Douglas* burden-shifting framework. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Under this framework, Plaintiff must first establish a *prima facie* case of discrimination and, if he does so, there arises a presumption of discrimination and the employer must articulate a legitimate, non-discriminatory reason for its adverse employment action. *Id.* If the employer meets this burden of production, Plaintiff must present evidence that Defendant's articulated reason is a pretext for discrimination. *Id.*

To establish a *prima facie* case of national origin, Plaintiff must present evidence that (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). It is undisputed by Defendant that Plaintiff is a member of a protected class and that he was qualified for the position at issue. However, Defendant argues that Plaintiff has failed to present evidence showing he suffered an adverse employment and he was treated less favorably than other similarly-situated employees because of his national

origin.

Plaintiff's demotion occurred after a series of events where multiple employees reported being harassed in various ways by Canas. In light of these complaints about Canas, NOV management addressed the situation. Canas claims that NOV failed to perform an impartial investigation of the events alleged to have occurred, failed to follow proper procedures, only investigated one side of the story, and did not include Canas in the investigation. Doc. 40-16 at 92. This partial and discriminatory investigation, Canas alleges, constitutes an adverse employment action. Additionally, Canas alleges the resulting demotion itself was an adverse employment action based on his national origin.

Plaintiff has not presented evidence, however, that his national origin caused him to be treated less favorably than other similarly situated employees under nearly identical circumstances. To demonstrate the fourth element of the *prima facie* case, Plaintiff must identify a similarly-situated employee who is not a member of his protected class. *Abila v. Amec Foster Wheeler USA Corp.*, 216 F. Supp. 3d 778, 784 (S.D. Tex. 2016); *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). Additionally, "[t]he employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Heggemeier v. Caldwell Cty., Texas*, 826 F.3d 861, 868 (5th Cir. 2016).

Plaintiff identified a white, non-Salvadoran employee named Joe Keating as an example of a similarly situated employee, not a member of Plaintiff's protected class, who was treated more favorably than Plaintiff under nearly identical circumstances. According to Plaintiff, there was a conspiracy to oust Canas from his position as supervisor because of his national origin, so

that Joe Keating could replace Canas as supervisor. Doc. 41 at 11-12.

The evidence of record does not support this contention. The undisputed evidence in the record shows that Keating and Canas were both concurrently supervisors on the night shift. After Canas was demoted, NOV did not attempt to fill the position, but rather had Keating, who was already a supervisor on the night shift, assume Canas' responsibilities. A few months later, NOV initiated a reduction in workforce and laid off both Canas and Keating. Doc. 42-1 at 2. This evidence does not demonstrate that Keating was an employee in a similar situation as Canas, who was treated more favorably than Canas.

Plaintiff has failed to present evidence of a similarly-situated non-Salvadoran employee at NOV who was treated more favorably than he under nearly identical circumstances. As a result, he has not established a *prima facie* case of national origin discrimination in connection with his demotion or the investigation surrounding his demotion, and Defendant's Motion for Summary Judgment on the discrimination claim is granted.

### B.  Plaintiff's Retaliation Claim

To establish a *prima facie* case of retaliation, Plaintiff must show that (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the materially adverse action. *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 484 (5th Cir. 2008). Plaintiff contends that he filed multiple complaints with management and human resources prior to being demoted. According to Plaintiff, those complaints included complaints about safety violations, including an OSHA complaint, as well as complaints that he was being discriminated against on the basis of his national origin. He also complained that he was a victim of a conspiracy aiming to replace him with a non-Salvadoran person. Doc. 41 at 9. Plaintiff argues that because he filed

these complaints, he was demoted from his position as supervisor. His retaliation claims are based solely on this demotion; he does not allege other retaliatory, adverse employment actions. Considering these allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has not made a *prima facie* showing that a causal connection existed between his participation in a protected activity and his demotion.

In his deposition, Canas alleges that he was demoted because he filed complaints about safety violations of his fellow employees. Doc. 40-16 at 94-95. Reporting alleged safety violations is not an activity protected by Title VII. *Green v. Trimac Transportation S., Inc.*, 2012 WL 12893293, at *16 (E.D. Tex. Sept. 12, 2012), *aff'd sub nom. Green v. Trimac Transp., Inc.*, 546 F. App'x 333 (5th Cir. 2013) ("[C]omplaining of an employer's safety violations is not a protected activity under Title VII."). Therefore, Canas cannot make a *prima facie* showing of retaliation when it is premised on his reporting of alleged safety violations.

In his response to NOV's motion for summary judgment, Canas argues that in addition to the safety complaints he filed, he also filed a complaint with the EEOC that he was being discriminated against based on his national origin. While filing a complaint alleging discrimination is protected activity under Title VII, the timeline does not support Plaintiff's claim that the demotion was in retaliation for this protected activity. Plaintiff stated that the first time he raised a complaint of discrimination was not until *after* his demotion in early March of 2015.[1] Therefore, since Canas did not engage in a protected activity, if at all, until after his demotion occurred, he has not established a causal connection between the protected activity and the adverse employment action he alleges was retaliatory. The Court concludes that Plaintiff has failed to make a *prima facie* showing of retaliation and grants summary judgment to the Defendant on the retaliation claim.

---

[1] "NOV counsel: The first time you raised discrimination based on your national origin was after your demotion? Mr. Canas: Yes, sir." Canas Deposition, Doc. 40-16 at 14.

## IV. Conclusion

Based on the foregoing, the Court GRANTS Defendant's Motion for Summary Judgment in its entirety. And so the Court DISMISSES with prejudice Canas' suit. Final Judgment will follow this Order.

SIGNED at Houston, Texas, this 20th day of December, 2017.

*[signature]*
MELINDA HARMON
UNITED STATES DISTRICT JUDGE